# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**TROY MANDELL HILL,**

      **Plaintiff,**

**vs.**                                  **Case No. 4:17cv244-RH-CAS**

**JUSTIN TURNER,**

      **Defendant.**

_____/

## REPORT AND RECOMMENDATION

This case was stayed due to a parallel state criminal proceeding

involving the Plaintiff.[1]  ECF No. 21.  The parties were required to file case

status reports to ensure an ongoing case and controversy remains.  Both

parties filed a case status in August 2019, ECF Nos. 48-49, but only the

Defendant filed a case status in January 2020.  ECF No. 51.

---

[1] Plaintiff's complaint alleges that Defendant Turner arrested him for driving without a valid license, a charge that was ultimately dropped.  ECF No. 11 at 5.  However, Plaintiff alleged that the basis for stopping his vehicle was a pretense, that Defendant made false statements in his probable cause affidavit, and subjected him to false arrest.  *Id.* at 5-6.  Plaintiff said he was not incarcerated on the charge of driving without a driver's license.  However, Defendant advised in a motion to stay discovery that, contrary to Plaintiff's assertion, "the State of Florida has never 'dropped' or 'no-pros' the charge of driving without a valid Florida drivers' license." ECF No. 19 at 2.  Defendant requested staying discovery to protect Plaintiff's right against self-incrimination.  *Id.* at 3.

Previously, the pro se Plaintiff requested a "a 6 month leave" before filing the next status update due to a medical condition.  ECF No. 48. Defendant also requested an extended delay, *see* ECF No. 49, and, thus, the next report was not required to be filed until February 3, 2020.  ECF No. 50.  Defendant's report was timely filed and advised that Plaintiff's criminal case was set to go to trial on February 24, 2020.  ECF No. 51. Plaintiff was representing himself in that matter.  *Id.*

An Order was entered requiring the parties to file a status update by March 12, 2020.  ECF No. 52.  In particular, Plaintiff was specifically directed to respond to demonstrate he had a continuing desire to prosecute this case.  *Id.*  The parties were also directed to clarify whether the related criminal case had concluded and whether the stay entered in this case could be lifted and discovery reopened.  *Id.*

Plaintiff's copy of that Order was returned to the Court as undeliverable ECF No. 53.  The stamp on the envelope advised only that Mr. Hill was no longer in the Wakulla County Jail.  *Id.*  Defendant filed a response which advised that mail sent to the Plaintiff in his underlying criminal case was also returned.  ECF No. 54 at 1.  Defendant states that Plaintiff was no longer at the jail and left no forwarding address.  *Id.*

Case No. 4:17cv244-RH-CAS

This case cannot proceed if mail from the Court and opposing counsel cannot reach Plaintiff.  Every Order issued in this case (more than 15 orders reached Plaintiff) required him to "immediately file a notice to the Clerk's Office in the event of an address change, transfer, or release from custody."  *See* ECF No. 50 at 2.  The Orders could not have been more clear.  The last document received from Plaintiff was filed on August 21, 2019.  ECF No. 48.  Thus, more than 7 months have passed since Plaintiff demonstrated an interest in this litigation.  It now appears that he has abandoned this case.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order.  *See* Ciosek v. Ashley, No. 3:13cv147/RV/CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015).  The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . . " Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337

Case No. 4:17cv244-RH-CAS

(11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1.  Because Plaintiff has not

complied with numerous court orders directing him to keep the Court

informed of his current whereabouts, he has failed to prosecute this case

and dismissal is now appropriate.

**Recommendation**

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for

failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on March 25, 2020.


S/   Charles A. Stampelos
**CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this
Report and Recommendation, a party may serve and file specific written
objections to these proposed findings and recommendations.  Fed. R.
Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other
parties.  A party may respond to another party's objections within
fourteen (14) days after being served with a copy thereof.  Fed. R. Civ.
P. 72(b)(2).  Any different deadline that may appear on the electronic
docket is for the Court's internal use only and does not control.  If a
party fails to object to the Magistrate Judge's findings or
recommendations as to any particular claim or issue contained in this**

**Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**